UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL, *et al.*, | Case No. 1:24-cv-00627-EPG (PC) |
| Plaintiffs, | ORDER TO APPOINT DISTRICT JUDGE |
| v. | AND |
| STATE OF CALIFORNIA, *et al.*, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* BE DENIED |
| Defendants. | |
| | (ECF No. 2) |

Plaintiff Tremaine Carroll is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 on May 29, 2024. (ECF No. 1).[1]

Because Plaintiff had at least three "strikes" under 28 U.S.C. § 1915(g) prior to filing this action and has not alleged imminent danger of serious physical injury connected to claims asserted in the case, the Court finds that Plaintiff is not eligible to proceed without prepayment of fees. Accordingly, the Court will order that a district court judge be assigned to this case and recommend that Plaintiff be required to pay the $405 filing fee in full if she wants to proceed with the action.

---

[1] The complaint in this action purports to be filed on behalf of several individuals, but is signed only by *pro se* Plaintiff Carroll. (ECF No. 1 at 6, 10). Plaintiff Carroll—and only Plaintiff Carroll—also submitted an application to proceed *in forma pauperis* in this action. (ECF No. 2.)

1

## I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

Pertinent here is the so called "three-strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

A court may raise § 1915(g)'s bar *sua sponte*. *Ray v. Lara*, 31 F.4th 692, 696 (9th Cir. 2022).

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on May 29, 2024. (ECF No. 1). The Court takes judicial notice of the following district court cases, each of which counts as a "strike":

(1) *Carroll v. Brown, et al.*, No. 2:12-cv-02584-TLN-DAD (PC) (E.D. Cal.) (dismissed September 26, 2013, as duplicative);[2]

(2) *Carroll v. Virga, et al.*, No. 2:12-cv-01327-KJN (PC) (E.D. Cal.) (dismissed January 6, 2014, for failing to state a claim and then failing to file an amended

---

[2] Duplicative action is considered frivolous or malicious under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

2

complaint when given leave to amend);[3]

   (3) *Carroll v. Knipp*, et al., No. 2:13-cv-00215-LKK-CKD (E.D. Cal.) (dismissed January 9, 2014, for failure to exhaust administrative remedies apparent from the face of the complaint, which was filed the same day as the alleged incident);[4]

   (4) *Carroll v. California, et al.*, No. 3:15-cv-01722-LAB-WVG (PC) (S.D. Cal.) (dismissed October 9, 2015, for failure to state a claim);

   (5) *Carroll v. Paramo*, No. 3:16-cv-01718-CAB-JLB (PC) (S.D. Cal.) (dismissed September 1, 2016, for failure to state a claim).

The Court's review of the above records reveals that on at least three occasions, lawsuits filed by Plaintiff have been dismissed on the ground that they were frivolous or malicious or failed to state a claim upon which relief may be granted. Therefore, the Court finds that Plaintiff is precluded from proceeding IFP in this action unless she demonstrates she meets the "imminent danger" exception.

**B. Imminent Danger**

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding IFP unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**1. Legal Standards**

The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury

---

[3] "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *see also O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (dismissal for failure to state a claim and another ground counts as a strike when it is clear from the court's reasoning that it considers failure to state a claim to be a fully sufficient condition to dismiss the action).

[4] *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (Holding that a dismissal for failure to exhaust administrative remedies counts as a strike dismissal under § 1915(g) if the failure to exhaust is clear from the face of the complaint); *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL 1905667, at *2 (E.D. Cal. Apr. 23, 2018) ("[I]f a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal would count as a strike.").

must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "[t]o qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray*, 31 F.4th at 701. Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

### 2.  Summary of Plaintiff's Complaint

Plaintiff's complaint purports to be filed on behalf of three plaintiffs: Tremaine Carroll, Amazing Ross, and Johnetta Ross.  However, the complaint is only signed by Tremaine Carroll.  Moreover, the complaint alleges that Amazing Ross is not yet born.

Plaintiff names as defendants Gavin Newsom, Governor of California; correctional officer Moreno, officer at Kern Valley State Prison (KVSP); Estrada, officer at KVSP; and John and Jane Does, employees of California Department of Corrections and Rehabilitation (CDCR).  However, Plaintiff's caption includes additional defendants including the State of California, correctional officer Reyes, correctional officer Kauk, and Sergeant Browne.

Plaintiff's form complaint contains three causes of action, all of which are labelled "civil rights violations," and all of which check every box available for subject matter, including "basic necessities, disciplinary proceedings, excessive force by an officer, mail, property, threat to safety, access to the court, exercise of religion, medical care, retaliation."

Additionally, one of the causes of action also lists "inmate pregnancy" as another issue involved, while the third cause of action lists "failure to protect." None of the causes of action contain supporting facts. Instead, they all refer to "attached complaint/exhibits."

Attached to the form complaint is what appears to be a narrative description of various events and issues. Plaintiff states that she is a transwoman in her 26th year of false imprisonment. She claims that she was improperly sentenced to 25-to-life, while the person she was accused of aiding got probation.

Plaintiff alleges that she and Ross (who appear to be another inmate) were victims in a sexual abuse scandal involving former correctional officer Greg Rodriguez. She alleges that Ross is pregnant, due to the failure of CDCR to protect her from becoming pregnant.

Plaintiff states that there are life and death issues that call for preliminary injunctive relief and a temporary restraining order, but does not describe what relief she requests.

Plaintiff alleges that she and Ross will be targeted by inmates.

Plaintiff alleges that Ross has been held in a psychiatric inpatient program against her will.

Plaintiff alleges that she was physically and sexually assaulted by KVSP staff at gunpoint in April 2024.

Plaintiff alleges that she has suffered injury due to KVSP failing to properly secure Plaintiff with seatbelts in the back of a van.

Plaintiff alleges that CDCR ran a Kangaroo court to "railroad Plaintiff back to Men's prison."

Plaintiff alleges that CCWF staff used excessive force on her.

Plaintiff alleges that the last time she was housed at KVSP, she was assaulted by staff and inmates.

Plaintiff alleges that unnamed CDCR staff violated Ross's HIPPA [sic] rights by revealing medical information.

Plaintiff alleges that Ross has been traded, trafficked, and pimped out by CDCR staff.

Plaintiff alleges that she and Ross were victims of childhood trauma while in L.A. County Juvenile camps and probation department.

### 3. Evaluation of Imminent Danger

Plaintiff's complaint does not meet the exception for imminent danger.

To begin with, most of the facts in Plaintiff's complaint, to the extent they can be understood, concern past conduct, including that she was falsely imprisoned, previously assaulted, transported in an unsafe manner without seatbelts, and had her confidential information disseminated. These past events do not indicate future imminent danger.

Other allegations do not concern Plaintiff at all, but rather complain about issues regarding another inmate, Ross. For example, Plaintiff alleges that Ross has been held in a psychiatric program against her will. However, Plaintiff may not pursue claims on behalf of anyone else. *Simon v. Hartford Life, Inc.* 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities. . . . [C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.").

To the extent Plaintiff refers to her own future danger, it is not specific and not tied to any claim in the case. Plaintiff states that "CDCR/CCWF/KVSP knew or should have known Plaintiff Carroll would be physically/sexually assaulted against at KVSP, SVSP, CMF, RJD, HDSP, COR, LAC, SVSP, WSP, PVSP, SATF, or any other CDCR Men's Prison, just as Plaintiff Ross would be unsafe at any CDCR Women's prison." However, this concern is not tied to any claim in the case, which only vaguely assert violations of her civil rights in all relevant areas. It is thus not fairly traceable to unlawful conduct alleged in the complaint and is not redressable by the Court.

Plaintiff also does not provide any specific facts to support this allegation of future danger. Plaintiff does not allege that any defendant has ordered her transfer to a men's prison, any circumstances of such an order, and any specific facts indicating imminent danger. Thus, this allegation fails to satisfy the requirement of specific factual allegations of ongoing serious physical injury.

Accordingly, because Plaintiff is a "three-striker" and does not satisfy the exception for allegations of imminent danger connected to her claims, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if she wants to proceed with the action.

### III.   CONCLUSION AND RECOMMENDATIONS

The Court concludes that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if she wants to proceed with this action.
2. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 11, 2024**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE