**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREMAINE CARROLL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:24-cv-00627 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(Docs. 2, 9) |

　　　　Tremaine Carroll is an inmate at Kern Valley State Prison, and asserts she suffered violations of her civil rights while she was in the custody of California Department of Corrections and Rehabilitation. (*See generally* Doc. 1.) Plaintiff applied to proceed *in forma pauperis* in the action. (Doc. 2.) The magistrate judge determined that Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g) because "Plaintiff had at least three 'strikes' prior to filing this action and has not alleged imminent danger of serious physical injury connected to claims asserted in the case." (Doc. 9 at 2–3.) Therefore, the magistrate judge recommended that the Court deny Plaintiff's *in forma pauperis* application and direct Plaintiff to pay the filing fee in full. (*Id.* at 7.)

　　　　Plaintiff filed timely objections to the Findings and Recommendations. (Doc. 10.) However, Plaintiff does not address the specific findings made by the magistrate judge. (*See generally id.*) Rather, the objections—which total more than 160 pages—contain extensive references to Plaintiff's litigation history, as well as actions taken against others. Plaintiff does

not dispute the finding that the actions identified by the magistrate judge qualify as strikes under Section 1915(g).  To the extent Plaintiff asserts fear of harm based upon past experiences in custody, such do not mandate a determination that she was in imminent danger at the time of filing the complaint in this action.  *See Blackman v. Mjening,* 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); *see also Miller v. McDaniel,* 2021 WL 388458, at *2 (E.D. Tex. Jan. 7, 2021) ("[Plaintiff] fails to show that he is in imminent danger of serious physical injury. While he states that he is in imminent danger as a result of a previous alleged sexual assault, such claim concerns past harm. In other words, … [his] claim of imminent danger stems from past acts and his fear of future harm").  Likewise, references to the experiences of other transgender inmates do not support a conclusion that *Plaintiff* is in imminent danger of serious physical injury.  *See, e.g., Manago v. Cahow*, 2021 WL 621093, at *1 (C.D. Cal. Jan. 6, 2021) (danger to others in custody does not support a conclusion the plaintiff was in imminent danger as required under the exception to Section 1915(g)).  Thus, Plaintiff does not demonstrate that she is in imminent danger of serious physical injury.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.  Therefore, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 11, 2024 (Doc. 9) are **ADOPTED** in full.
2. Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **DENIED**.
3. Within 30 days from the date of service of this order, Plaintiff **SHALL** pay in full the $405.00 filing fee to proceed with this action.

///
///
///
///

**Plaintiff is advised that failure to pay the required filing fee as ordered will result in the dismissal of this action without prejudice.**

IT IS SO ORDERED.

Dated: __February 27, 2025__          _____
                                       UNITED STATES DISTRICT JUDGE