1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   TREMAINE CARROLL, *et al.*,              Case No. 1:24-cv-00627 JLT EPG (PC)

12            Plaintiffs,                      ORDER DISMISSING ACTION
                                              WITHOUT PREJUDICE FOR FAILURE
13        v.                                  TO PAY THE FILING FEE

14   STATE OF CALIFORNIA, *et al.*,           (Doc. 11)

15            Defendants.

16

17          On February 27, 2025, the Court ordered Plaintiff to pay the filing fee for this action

18   within 30 days.  (Doc. 11.) Despite the Court's warning that failure to comply with the order

19   would result in dismissal (*id.* at 3), Plaintiff failed to pay the required filing fees. Without such

20   payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709

21   (9th Cir. 2022).

22          Plaintiff objected to the Court's order, asserting that she received it late because "CDCR is

23   circumventing [Plaintiff's] due process rights." (Doc. 12.) Plaintiff also states that she is "in

24   dispute with two law firms that are supposed to be representing her and should have been doing

25   so in this matter." (*Id.*) Petitioner concludes by requesting 90 days to pay the filing fee. (*Id.*)

26          Plaintiff has not demonstrated good cause for the requested extension of time. Though

27   Plaintiff may be represented by law firms in her other pending actions, this lawsuit was filed

28

                                        1

nearly a year ago, and has proceeded entirely *pro se*. At no point did any counsel make an appearance in this case, and Plaintiff presented no evidence that any attorney had a contractual obligation to do so. Thus, her assertion that she needs more time to pay the fee because she is in a dispute with the law firms that "were supposed to be representing her . . . in this matter" is without foundation. (Doc. 12 at 1.)

In finding dismissal is appropriate for the failure to pay the filing fee, the Court has considered the factors outlined by the Ninth Circuit for terminating sanctions, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the Court's warning to Plaintiff that the matter could be dismissed satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Consequently, the *Henderson* factors weigh in favor of dismissal under the circumstances. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors"). Based upon the foregoing, the Court **ORDERS**:

1.      This action is **DISMISSED** without prejudice.

2.      The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **April 27, 2025**

_____
UNITED STATES DISTRICT JUDGE

2