**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TREMAINE CARROLL, *et al.*, | Case No. 1:24-cv-00627 JLT EPG (PC) |
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION[1] OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PAY THE FILING FEE |
| v. | |
| STATE OF CALIFORNIA, *et al.*, | (Doc. 15) |
| Defendants. | |

On February 27, 2025, the Court ordered Plaintiff to pay the filing fee for this action within 30 days. (Doc. 11.) Despite the Court's warning that failure to comply with the order would result in dismissal (*id.* at 3), Plaintiff failed to pay the required filing fees. Plaintiff instead objected to the Court's order, asserting that she received it late because "CDCR is circumventing [Plaintiff's] due process rights." (Doc. 12.) Plaintiff also stated that she is "in dispute with two law firms that are supposed to be representing her and should have been doing so in this matter." (*Id.*) Plaintiff concluded by requesting 90 days to pay the filing fee. (*Id.*)

On April 28, 2025, after considering the factors set forth in *Henderson v. Duncan*, 779

---

[1] Though Plaintiff has filed a notice of appeal (Doc. 16) of the judgment (Doc. 15), the Court retains jurisdiction over her motion for reconsideration, which the Court construes as arising under Fed. R. Civ. P. 60, because it was filed before the notice of appeal. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001); Fed. R. App. P. 4(a)(4)(B)(i); *see also Van Huisen v. Clinton Admin.*, No. 2:23-CV-01596-DJC-KJN, 2023 WL 6520212, at *1 (E.D. Cal. Oct. 5, 2023).

1

1    F.2d 1421, 1423 (9th Cir. 1986), the Court dismissed the action without prejudice for failure to
2    pay the filing fee. (Doc. 13.) The Court also noted that "[a]t no point did any counsel make an
3    appearance in this case, and Plaintiff presented no evidence that any attorney had a contractual
4    obligation to do so. Thus, her assertion that she needs more time to pay the fee because she is in a
5    dispute with the law firms that 'were supposed to be representing her . . . in this matter' is without
6    foundation." (Doc. 12 at 1.) Judgment entered April 28, 2025, and the case was closed. (Doc. 14.)
7            On July 14, 2025, Plaintiff filed a document entitled "Objection, TRO, IFP, Preliminary
8    Injunctive Relief, Appointment of Counsel, Evidentiary Hearing, Leave to Amend," which, in
9    light of the procedural status of this case, the Court construes as a motion for reconsideration
10   arising under Federal Rule of Civil Procedure 60. (Doc. 15.) Therein, Plaintiff asserts, among
11   other things, that she was "out-to-court" in L.A. County from April 3, 2025 to May 15, 2025, and
12   was hospitalized twice, though she does not detail the dates of those hospitalizations. (*Id*.)
13   Plaintiff describes other issues, including the theft of her personal property, ongoing retaliation by
14   CDCR, and that "since she's been back in men's prison she's been raped, stabbed, robbed,
15   extorted, [and] drugged by staff and inmates." (*Id*.)
16           Federal Rule of Civil Procedure 60(b) permits a litigant to file a motion for relief from a
17   final judgment or order for several reasons, including, but not limited to: mistake, inadvertence,
18   surprise, excusable neglect, or any other reason that justifies relief. *See* Fed. R. Civ. Proc.
19   60(b)(1), (6). A court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42
20   F.3d 1185, 1198 (9th Cir. 1994).
21           The Court declines to reconsider the order of dismissal or set aside judgment in this
22   matter. First, to the extent Plaintiff is attempting to object to the underlying order to pay the filing
23   fee by suggesting she can satisfy the imminent danger exception set forth in 28 U.S.C. 1915(g),
24   the Court is not persuaded. The factual assertions she advances in her motion for reconsideration
25   are effectively the same as those the magistrate judge discussed in the September 11, 2024
26   Findings and Recommendations to deny Plaintiff's request to proceed in forma pauperis. (Doc. 9
27   at 3-7.) Specifically, the magistrate judge concluded allegations of this nature were insufficient to
28   establish imminent danger for purposes of § 1915(g) because the concerns were not fairly

traceable to any unlawful conduct alleged in the complaint. (*Id.*) The Findings and Recommendations were adopted, triggering the requirement to pay the filing fee in full, (Doc. 11), and the motion for reconsideration suggests no reason to depart from that result.

Moreover, Plaintiff does not indicate in her motion for reconsideration any intention to pay the filing fee, nor does she renew her request for extra time to do so. Therefore, the motion for reconsideration provides no basis for reconsidering the dismissal or judgment in this matter. Thus, the Court **ORDERS**:

1. The motion for reconsideration (Doc. 15) is **DENIED**.
2. This case shall remain **CLOSED**.

IT IS SO ORDERED.

Dated:    **November 19, 2025**

UNITED STATES DISTRICT JUDGE

3